Argued February 11, affirmed March 7, rehearing denied May 23, 1916.

## HUDSON v. BROWN LUMBER CO.

### (154 Pac. 533.)

**Trial—Injuries to Servant—Actions—Instructions.**

1. In a personal injury action by a servant hurt by the live rollers carrying timbers to a saw, the court charged that plaintiff alleged he was injured through the negligence of defendant, but it was for plaintiff to so prove by a preponderance of the evidence, and that negligence was the doing of something which a man of ordinary prudence would not do under all the existing circumstances; ordinary prudence being the criterion. The court also charged that, if defendant owned and had charge of the machinery, and the work involved a risk to employees, particularly to plaintiff, and defendant did not use every care and precaution which was practicable, limited only by the necessity of preserving the efficiency of the machine, and that defendant was negligent as alleged in plaintiff's complaint, and that, if the negligence of plaintiff himself contributed to the injury, such contributing negligence was not a defense, but might be taken into account in fixing the amount of damages to be recovered by plaintiff. *Held* that, though plaintiff's cause of action was based on the Employers' Liability Act (Laws 1911, p. 16), the instructions, taken as a whole, were not erroneous, notwithstanding ordinary prudence is not the criterion of liability under the act.

**Damages—Instructions—Applicabilty to Evidence.**

2. In a personal injury action, where there was medical testimony that the injuries complained of could not have produced the condition which plaintiff disclosed at trial, and that such condition was probably the result of some severe illness, contracted or heredi-

tary, an instruction that, if plaintiff's condition was the result of disease, there could be no recovery, was warranted.

[As to aggravation of latent or dormant disease of person by negligent act as bearing on question of proximate cause, see note in Ann. Cas. 1915B, 201.]

From Lane: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. JUSTICE BENSON.

This is an action by Luther B. Hudson against the Brown Lumber Company, a corporation, for damages for personal injuries. The complaint alleges in substance, that on May 16, 1912, plaintiff was employed by defendant in its sawmill as off-bearer of slabs and timber from a cut-off saw, and that his duties involved the necessity of passing back and forth through a narrow opening in the system of rollers which served as a conveyor of such slabs and timbers; that one Stone, as the agent and employee of defendant, had charge of the cut-off saw and controlled the direction of the lumber upon the live rollers by means of a lever; that the system of rollers was propelled by steam power transmitted from the engine which supplied power for the operation of the mill; that the work in which plaintiff was engaged involved risk and danger, and it was necessary for the safety of plaintiff that the machinery should be provided with a system of signals, so that the person in control of the rollers might promptly communicate with plaintiff and warn him of the operation thereof, so as to enable him to avoid injury, and that such a system was practicable; that, disregarding its duty, defendant neglected to provide such system of signals, and carelessly and negligently, without warning, by its agent and employee Stone, caused a large timber to be propelled against plaintiff at the instant when in the performance of his duties he was passing through the opening between the rollers, so as to jam him against one of the

rollers, causing the injury of which complaint is made. Then follow allegations of the character of the injuries received and the special and general damages suffered.

To this complaint an answer was filed, which, after some admissions and denials, pleads affirmatively assumption of risk, contributory negligence and unavoidable accident. A trial was had, and from a verdict and judgment in favor of defendant, plaintiff appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Albert Abraham.*

For respondent there was a brief over the names of *Mr. F. S. Senn, Messrs. Ekwall & Recken, Messrs. Thompson & Hardy* and *Mr. J. S. Medley,* with an oral argument by *Mr. Senn.*

Mr. JUSTICE BENSON delivered the opinion of the court.

1. The first assignment of error challenges the correctness of instructions numbered 24 and 25 as given by the trial court to the jury. These were as follows:

"Upon this question of negligence I will call your attention to what is meant when we use that term or word 'negligence.' The plaintiff alleges that he was injured through the negligence of the defendant, by and through its agent Stone, at that time, in the manner of handling the machinery. But it is for the plaintiff to prove that by a preponderance of the evidence, as I have instructed you, before he can recover any damages in the case.

"Negligence is defined as follows: The word 'negligence' in the law has been defined to be the doing of something which a man of ordinary prudence would not do under all the existing circumstances of the case. You will see that the phrase 'ordinary prudence' is

made the criterion. The doing of something which a man of ordinary prudence would not do under all the existing circumstances of the case, or the failure to do something which a man of ordinary prudence would do under all the existing circumstances of the case.''

Plaintiff contends that, since the alleged cause of action falls within the influence of the Employers' Liability Act, ''ordinary prudence'' is not the limit of the employer's duty. If the court's instructions had stopped with these, there might be some merit in the contention; but it is to be remembered that the question of contributory negligence was involved, and the foregoing instruction is proper in determining the possible negligence of the plaintiff, and the court also gave the following:

''If you find that the defendant owned and had charge of the machinery referred to in the pleadings, that is, the live rolls, cut-off saw, slab conveyor, and dead rolls, and the operation thereof, and that the work and operation thereof involved a risk or danger to the employees, and particularly to the plaintiff herein, and that the defendant did not use every care and precaution in the operation thereof which was practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the machine or apparatus or the operation thereof, and that defendant was negligent as alleged in plaintiff's complaint, and that the negligence of the plaintiff himself contributed to the injury, I instruct you that such contributing negligence is not a defense, but may be taken into account by you in fixing the amount of damages to be recovered by plaintiff, and only for such purpose.''

Considering these instructions together, we conclude that they fairly state the law applicable to the case.

2. The next assignment is to the effect that the court erred in giving the following instruction:

"I also instruct you in this case, if you find that this plaintiff's (Mr. Hudson's) present condition is due to some disease or organic trouble, whether it be hereditary, or whether he became afflicted during his lifetime, then he could not recover in this case. If you find that at the time of the accident he was suffering from some disorder or disease or illness, and that the injury which he claims occurred on May 16, 1912, merely aggravated his condition, that is, made the condition worse, in such event he could not recover in this case. He alleges in his complaint that this injury is the only cause of his present condition, and he would be required to prove that by a preponderance of the evidence."

Plaintiff insists that there is no evidence in the record to which such a statement of the law is pertinent. The injury which forms the basis of the action is disclosed to be neurasthenia, or nerve exhaustion, which prevents the patient from performing any labor, and also involves considerable pain and suffering. Two of the physicians who testified upon the trial asserted that the injuries to the plaintiff could not have produced the condition in which the plaintiff was at the time of the trial, and asserted that the other possible cause of the symptoms would be a defective nervous organization, or the sequelae of some severe disease either acquired or inherited. In addition to this, Dr. F. H. Vincil, one of plaintiff's witnesses, testified that he examined Hudson three days after the accident, and, among other symptoms, noted that there was albumen in his urine, which he says is a symptom of Bright's disease. He also expresses the opinion that the plaintiff's liver is organically wrong. The credibility of these witnesses was a matter for the consideration of the jury only, but their statements certainly constituted evidence which justified the instruction as given.

Finding no error in the record, the judgment of the lower court is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE MCBRIDE concur.